1  ARMSTRONG TEASDALE, LLP
   Richard L. Scheff (admitted *pro hac vice*)
2  Jonathan P. Boughrum (admitted *pro hac vice*)
   David F. Herman (admitted *pro hac vice*)
3  2005 Market Street
   One Commerce Square, Floor 29
4  Philadelphia, PA  19103
   Telephone:  (267) 780-2000
5  Email:  rscheff@armstrongteasdale.com

6  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   ANNA S. McLEAN (Cal. Bar No. 142233)
7  JAQUELINE M. SIMONOVICH (Cal. Bar No. 319259)
   Four Embarcadero Center, 17th Floor
8  San Francisco, CA 94111-4109
   Telephone:    (415) 434-9100
9  Facsimile:     (415) 434-3947
   Email: amclean@sheppardmullin.com
10         jsimonovich@sheppardmullin.com

11 Attorneys for Defendants
   *Linda Stinson and Stephen J. Shaper*

12

13 **UNITED STATES DISTRICT COURT**

14 **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| 15  KIMETRA BRICE, EARL BROWNE, and JILL NOVOROT, *on behalf of themselves and all individuals similarly situated,*<br>Plaintiffs,<br><br>v.<br><br>Mike Stinson, Linda Stinson, The Stinson 2009 Grantor Retained Annuity Trust, 7HBF No. 2, Ltd., Sequoia Capital Operations, LLC, Sequoia Capital Franchise Partners, L.P., Sequoia Capital IX, L.P., Sequoia Capital Growth Fund III, L.P., Sequoia Entrepreneurs Annex Fund, L.P., Sequoia Capital Growth III Principals Fund, LLC, Sequoia Capital Franchise Fund, L.P., Sequoia Capital Growth Partners III, L.P., Startup Capital Ventures, L.P., and Stephen J. Shaper.<br>Defendants. | CASE NO.  3:19-cv-1481-WHO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS STEPHEN J. SHAPER AND LINDA STINSON; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice and [Proposed] Order Filed Concurrently]<br><br>Date:   February 12, 2020<br>Time:  2:00 p.m.<br>Room: 2<br><br>Complaint filed:   March 21, 2019 |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 12, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, United States District Court Judge, in Courtroom 2 – 17th Floor of the United States District Court for the Northern District of California, San Francisco, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Linda Stinson and Stephen Shaper will and hereby do move this Court for an order dismissing the case.

The Motion is brought pursuant to Federal Rules of Civil Procedure 12 on the grounds that Plaintiffs have agreed to release their claims against former officers of Think Finance—specifically including Stephen J. Shaper and Linda Stinson—for claims arising out of their service as directors of Think Finance. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice filed herewith, all papers and records on file herein, and such other matters as may be presented to the Court at or before the hearing on this Motion.

## STATEMENT OF ISSUE TO BE DECIDED

Should the Court dismiss the claims against Linda Stinson and Stephen J. Shaper given that Plaintiffs are members of a class of consumers that specifically agreed to release those Defendants for claims arising from actions taken in their capacity as current or former directors of Think Finance?

SMRH:4840-0107-9983.1

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

STATEMENT OF ISSUE TO BE DECIDED ....................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I. INTRODUCTION .................................................................................................. 1

    A. The terms of the Plan of Reorganization make clear that Plaintiffs have released their claims against Linda Stinson and Stephen Shaper ........... 1

    B. Given the releases, there is no claim or controversy for this Court to decide ................................................................................................................ 4

II. CONCLUSION ....................................................................................................... 5

-i-      Case No. 3:19-cv-1481-WHO
SMRH:4840-0107-9983.1     NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF Ps & As ISO MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 5, 2019, Northern District of Texas Bankruptcy Judge Harlin D. Hale entered an Order confirming the Plan of Reorganization for Think Finance, LLC. *See*, Order Confirming Chapter 11 Plan, *In re Think Finance, LLC*, 17-33964, ECF No. 1671 (N.D. Tex. Bankr. Dec. 5, 2019), a copy of which is attached to the Request for Judicial Notice "RJN"), filed herewith, as Exhibit A. Plaintiffs and their attorneys were intimately involved in the negotiation of the terms of this Plan of Reorganization and knew the identities of each and every released party.[1] As described further herein, the terms of the Plan of Reorganization bear out Plaintiffs' counsel's unequivocal statements as to the scope of the releases granted to former directors such as Mrs. Stinson and Mr. Shaper—they have been released by a nationwide class of consumers for all actions taken in their capacity as directors of Think Finance. Yet notwithstanding this broad release, Plaintiffs have failed to dismiss those defendants from this case. There is no controversy for this Court to adjudicate as to Mr. Shaper or Mrs. Stinson. Accordingly, the Court must dismiss the claims against defendants Shaper and Linda Stinson for a lack of standing.

### A. The terms of the Plan of Reorganization make clear that Plaintiffs have released their claims against Linda Stinson and Stephen Shaper

As described above, on December 5, 2019, Judge Hale approved a Plan of Reorganization in connection with the Think Finance Bankruptcy. RJN, Ex. A. In connection with that approval, Judge Hale also issued an Order granting final approval for a nationwide class of consumers—of which the three Plaintiffs in this case are serving as Nationwide Class Representatives—to enter into a settlement implemented by the Plan of Reorganization. *See* Order Granting Nationwide Consumer Borrower Class's Motion for Final Approval of Class Action Settlement, *In re Think*

---

[1] Tr. of June 26, 2019 Hr'g, *In re Think Finance, LLC*, 17-33964, ECF No. 1432 at 36:1-2 (N.D. Tex. Bankr. Dec. 5, 2019) (statement from Plaintiffs' attorney Leonard Bennett that "almost every name [of a released party] was very specifically negotiated one way or the other."); *id.* at 53:17-23 (statement from L. Bennett, "we are releasing as part of this proposed settlement the directors of Think Finance, the officers and directors. And there's language that you'll see in the term sheet where we carve out that they're only released in their capacity as directors, not in their capacity as shareholders, such that the avoidance actions remain and are untouched by the settlement release."), excerpts of which are attached to the RJN as Exhibit B.

*Finance, LLC*, 17-33964, ECF No. 1673 (N.D. Tex. Bankr. Dec. 4, 2019), a copy of which is attached to the RJN as Exhibit C.

Consistent with the terms of the Think Finance Plan of Reorganization that was approved by the Bankruptcy Court in Texas, and recently became effective as of December 7, 2019, all former officers and directors of Think Finance (except Ken Rees) became a "Released Party." [2] Ex. A at § 1.1.144; § 1.1.146. Specifically, Section 1.1.144 makes clear that "Released Debtor Parties" under the Plan includes, "former directors and officers of the Debtors, in their capacities as such, other than Ken Rees, provided, however, that (i) any such former director or officer of the Debtors shall not be released for purposes of imposing any liability on any shareholder/member solely in their capacity as a shareholder/member or former shareholder/member." *Id.* at § 1.1.144. All Released Debtor Parties are, in turn, considered to be "Released Parties" under the plan. *Id.* at § 1.1.146 ("'Released Parties' means, collectively, the Released Debtor Parties and the Released Non-Debtor Parties."). And, although both Linda Stinson and Stephen J. Shaper are listed as "Non-Released Parties" under Section 1.1.113 of the Plan, that provision makes clear that their status as "Non-Released Parties" is an exception "to the extent released in [their] capacity as former director or officer [of Think Finance]." *Id.* at § 1.1.113.

As part of the Plan, the Nationwide Consumer Borrower Class, of which the Plaintiffs are a member, granted extremely broad releases to Released Parties:

> As of the Effective Date, each member of the Nationwide Consumer Borrower Settlement Class is deemed to have released and discharged each Released Party from any and all Claims and Non-Estate Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, (a) the Claims, alleged facts and Non-Estate Causes of Action asserted or that could have been asserted against any of the Released Parties in any Non-Estate Cause of Action prior to the Effective Date, including the Pending Litigation, and (b) any current or newly asserted Claim or Non-Estate Cause of Action against the Released Parties arising from or related to the Debtors' business activities or operations prior to the Effective Date or the

---
[2] *See* Notice of Occurrence of Effective Date, *In re Think Finance, LLC*, 17-33964, ECF No. 1683 at 2 (N.D. Tex. Bankr. Dec. 13, 2019) (Notice stating "the Effective Date of the Plan occurred on December 7, 2019.").

Released Parties' actual or alleged, direct or indirect, involvement in consumer lending directly or indirectly involving the Debtors prior to the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations in connection with the Class Action Injunctive and Other Relief or any rights or obligations in connection with the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

RJN, Ex. A at § 9.4.

And, pursuant to Section 9.7 of the Plan, the Plaintiffs were supposed to have been:

> permanently enjoined, from and after [December 7, 2019], from taking any of the following actions against […] the Released parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Persons on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Persons or the property or Estates of such Persons on account of or in connection with or with respect to any such Claims or Equity Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Persons or against the property or Estates of such Persons on account of or in connection with or with respect to any such Claims or Equity Interests unless such holder has filed a motion requesting the right to perform such setoff on or before the Confirmation Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released, exculpated, or settled pursuant to the Plan.

RJN, Ex. A at § 9.7. Accordingly, to the extent Plaintiffs' claims against Linda Stinson and Stephen J. Shaper are claims relating to acts taken in their capacities as former directors of Think Finance, Plaintiffs have both released those claims and agreed that they are enjoined from pursuing such claims.

Plaintiffs have made clear in their Complaint that their claims against Stinson and Shaper arise from their status as former directors of Think Finance. For example, Plaintiffs make explicit that Linda Stinson "operated and participated in the affairs of the rent-a-tribe lending scheme **as a board of director [sic] of Think Finance**..." Compl. at ¶ 14. Linda Stinson also sat in her husband's "position" after he "no longer served on Think Finance's board of directors," and in that

-3- Case No. 3:19-cv-1481-WHO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF Ps & As ISO MOTION TO DISMISS

position "helped make key business decisions for Think Finance…" Compl. at ¶ 109. Similarly, Shaper is alleged to have attended regular Board of Directors meetings, in which he "directed, reviewed, and approved key business decisions of Think Finance, including decisions related to the origination, marketing, underwriting, servicing, and collection of the loans." Compl. at ¶ 91. As such, the claims against Shaper and Stinson are based upon their actions taken as directors of Think Finance, and therefore Plaintiffs have released such claims pursuant to Section 9.4 of the Plan of Reorganization.

### B. Given the releases, there is no claim or controversy for this Court to decide

Because Plaintiffs have released Shaper and Stinson, they have no standing and their claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The Constitution is abundantly clear that the federal judicial power is limited to deciding "cases" and "controversies." U.S. Const. art. III, § 2. Accordingly, litigants can only "maintain a lawsuit in federal court to seek redress for a legal wrong," *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). To establish redressability, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (noting that while it is ultimately a plaintiff's burden to establish redressability, that burden remains "relatively modest").

Here, notwithstanding the "modest burden" facing Plaintiffs, the broad terms of the release granted to Shaper and Stinson make clear that they cannot possibly satisfy their burden. The claims against Shaper and Stinson fall within the category of claims Plaintiffs have already released, and Plaintiffs have agreed to be enjoined from continuing to press those claims. RJN, Ex. A at 9.4 and 9.7. Because Plaintiffs lack Article III standing to pursue their claims, there is nothing for this Court to do—no relief can be granted. Accordingly, the Court should dismiss the claims against Shaper and Stinson pursuant to Fed. R. Civ. P. 12(b)(1).

## II. CONCLUSION

For the reasons stated herein, the Court should dismiss the claims against Defendants Linda Stinson and Stephen J. Shaper pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.

DATED: December 18, 2019

By     */s/Anna S. McLean*
Anna S. McLean (Cal. Bar No. 142233)
Jaqueline M. Simonovich (Cal. Bar No. 319259)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Richard L. Scheff (admitted *pro hac vice*)
Jonathan P. Boughrum (admitted *pro hac vice*)
David F. Herman (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
2005 Market Street
One Commerce Square, Floor 29
Philadelphia, PA 19103
Telephone: (267) 780-2000

*Attorneys for Defendants*
*Linda Stinson and Stephen J. Shaper*